**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

WHAM-O HOLDING, LTD. and
INTERSPORT CORP. d/b/a WHAM-O,                        Civil Action No.: 1:22-cv-06802

     Plaintiffs,                                                       Judge Franklin U. Valderrama

v.                                                                         Magistrate Judge Sunil R. Harjani

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

     Defendants.

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' MOTION TO VACATE**
**PRELIMINARY INJUNCTION**

Plaintiffs, WHAM-O HOLDING, LTD. and INTERSPORT CORP. d/b/a WHAM-O
("WHAM-O" or "Plaintiffs"), submit the following Motion to Strike Defendants' Motion to
Vacate Preliminary Injunction ("Defendants' Motion"). [25]. In short, Plaintiffs' respectfully
request this Court strike Defendants' Motion because an individual, not identified as a party to this
case nor admitted to appear before this court, filed a pro se motion on behalf of two corporations
in violation of Illinois law.

## BACKGROUND

Plaintiffs filed this action on December 5, 2022 [1]. On December 13, 2022, this Court
entered a Temporary Restraining Order ("TRO") enjoining Defendants' offering for sale of
counterfeit and/or infringing FRISBEE products and restraining funds in Defendant Nos. 174
Hjsmple Co. Ltd. and 178 Outfit of the Day Co. Ltd.'s (collectively, "Defendants") Walmart
accounts. [17]. On December 27, 2022, this Court entered a Preliminary Injunction Order
extending the relief previously granted in the TRO through the pendency of this litigation. [24].
On December 27, 2022, Defendants through the alleged individual operator of these stores Dechun
Xiong ("Operator"), filed their Motion to Vacate Preliminary Injunction. *See* [25].

Defendants' Motion attempts to hide the corporate status of both Defendants' corporate structures through the omission of the "Co. Ltd." from each Defendants' store names and by claiming that the internet stores are "operated by a Chinese individual named Dechun Xiong." *See* [25]. As shown below, these internet stores are owned by companies and are appearing pro se in violation of Illinois law. *Stone Street Partners, LLC v. City of Chicago Department of Administrative Hearings*, 2014 IL App (1st) 123654 (holding that companies must be represented by counsel in legal proceedings). Pro se filers can represent themselves and their sole proprietorships, but they cannot represent others, or entities like corporations, partnerships, or limited liability companies. *United States v. Hagerman*, 545 F.3d 579, 581−82 (7th Cir. 2008); *see also CamelBak Products, LLC*, No. 20-cv-01542 (N.D. Ill. Sept. 14, 2020) (same):

| Defendant No. 174 Hjsmple Co. Ltd. | Defendant No. 178 Outfit of the Day Co. Ltd. |
|---|---|
| Freight shipping for $14.88, **arrives by Thu, Dec 15** to 1001 Foster Ave   Details   More options   Sold and shipped by Hjsmple Co.Ltd \| ShenZhenShi Xuanshennuo Shipin YouxianGongsi   ★★★★★ 1 seller review | Freight shipping for $1.99, **arrives by Tue, Dec 13** to 1001 Foster Ave   Details   More options   Sold and shipped by Outfit of the Day Co.ltd \| shenzhenshi yuan huoxing wangluokeji youxiangongsi   ★★★☆☆ 2 seller reviews |
| A true and correct copy of the Walmart store pages for the above stores is attached hereto as **Exhibit 1**. ||

Defendant No. 174's entity name "ShenZhenShi Xuanshennuo Shipin YouxianGonsi", shown above, translates to Shenzhen City Xuanshennuo Food Ltd. and Defendant No. 178's entity name "shenzhenshi yuan huoxing wangluokeji", also shown above, translates to Shenzhen City Yuan Houxing Network Technology Ltd. These are the operators of Defendant Nos. 174 and 178, not "Dechun Xiong." Additionally, the names of the Defendant Internet Stores disclose their status as corporations as evidenced by the "Co. Ltd." at the end of each seller name. In light of the above,

Plaintiffs respectfully request that this Court require Defendants to obtain U.S. counsel and strike the Defendants' Motion [25].

## ARGUMENT

Plaintiffs continue to satisfy all the elements required for a Preliminary Injunction, including showing a strong likelihood of success on the merits and irreparable harm. *See* [17], [24]. Additionally, the balance of harms remains in Plaintiffs' favor. Without the asset restraint in place, Defendants are likely to move any restrained assets offshore and Plaintiffs would be prevented from realizing their rights to final equitable relief of an accounting of profits. Plaintiffs have good cause to suspect that the Defendants who have moved to vacate the preliminary injunction are both in fact owned or operated by one or more companies as shown above. Additionally, Defendants appear to be receiving legal assistance from an unidentified attorney who has failed to reveal himself to the Court. Accordingly, Plaintiffs request that this Court strike Defendants' Motion [25].

### i. Defendants' Opposition Should Be Stricken Because the Defendants are Companies

As this Court has previously recognized, "Pro se filers can represent themselves and their sole proprietorships, but they cannot represent others, or entities like corporations, partnerships, or limited liability companies." *CamelBak Products, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 20-cv-01542 (N.D. Ill. Sept. 14, 2020) (Guzman, J.) (citing *United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008)); *see also In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011) ("corporations unlike human beings are not permitted to litigate pro se" and "corporations must appear by counsel or not at all", citing *Strong Delivery Ministry Ass'n v. Board of Appeals*, 543 F.2d 32, 33-34 (7th Cir. 1976)).

Who is "Dechun Xiong"? Defendants claim he operates the Defendant Internet Stores. *See* [25]. Defendants offer no declaration explaining who this individual is and his connection to these

3

stores, they offer no affidavit of ownership of these stores, and they offer no explanation of the connection between these two stores. All that is offered in support "Dechun Xiong's" connection to these stores or the connection between the stores to each other is a single self-serving conclusory statement at the beginning of Defendants' Motion. *See* [25]. Even if the individual who filed [25] and identified themselves as "Dechun Xiong" is acting as an operator or an officer of the corporations, these corporate Defendants still need to be represented by counsel. *See Burrell v. Chicago Housing Authority*, No. 03 C 8776 (N.D. Ill. Aug. 22, 2005) ("[an individual plaintiff] may pursue a claim on his own behalf, but he is not an attorney and thus may not pursue claims on behalf of the remaining [organization plaintiffs]") (Manning, J.); *see also United States v. Certain Real Property*, 381 F. Supp. 3d 1007, 1009 (E.D. Wis. 2018) (struck documents filed by an individual self-identified as an "authorized representative" on behalf of a corporation).

Individuals cannot operate stores on the Walmart Marketplace, rather only businesses are permitted. Here, two of the minimum qualifications to join Walmart Marketplace are to have a business tax ID or business license number and to provide supporting documents that verify your business name and address as shown below. Walmart's minimum qualifications make it clear that individuals are not permitted to operate stores. As shown above, Defendants disclosed to Walmart that they are corporations. Therefore, these corporate Defendants must be represented by counsel.

## What are the qualifications to join Walmart Marketplace?

So, you're considering joining Walmart Marketplace but don't know where to start. Well, we make applying to Walmart Marketplace simple and easy. We aim to help you offer products to customers faster.

Before you begin, here are the minimum qualifications to join Walmart Marketplace:

✔ Business Tax ID(s) (SSN not accepted) or Business License Number
✔ Supporting documents that verify your business name and address

4

https://marketplace.walmart.com/guide-to-walmart-marketplace/

Allowing an organized entity to file pro se without professional counsel clearly burdens the court, as well as unfairly prejudices Plaintiffs, because the nonlawyer lacks the skills, knowledge, and style needed to aptly appear before the court. As the Seventh Circuit has put it, "pro se litigation is a burden on the judiciary." *Hagerman*, 545 F.3d 579 at 582. Courts have traditionally recognized the policy behind this requirement is that, "the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted . . . In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, e.g., to avoid litigating unfounded or vexatious claims." *In re Interiors of Yesterday, LLC*, 284 B.R. 24 (Bankr. D. Conn. 2002).

The Defendants, through their alleged operator and the filer of [25], "Dechun Xiong" filed their Motion to Vacate Preliminary Injunction claiming to be an individual while omitting the "Co. Ltd." from each of the store names. [25]. The operator/filer, "Dechun Xiong" did not file an appearance, and upon information and belief is not an attorney licensed to practice before this Court on behalf of the Defendants. An oral deposition or court hearing in person or via video conference would facilitate both Plaintiffs and this court determining who Defendants and/or the filer(s) are. *See Camelbak Products, LLC v. The Partnerships and Unincorporated Associations Identified on "Schedule A"*, No. 1: 20-cv-01544, (N.D. Ill. Jan. 05, 2021) (Kennelly, J.) (where the Court, after a video hearing, held that a Chinese defendant presented "either a fake identification card, or it is someone else's identification card" in order to claim to be a minor and escape the consequence of a court judgment.) A true and correct copy of Judge Kennelly's Order is attached hereto as **Exhibit 2**. Similarly, here, an oral deposition or court hearing would reveal

who Defendants are, who the drafter of the motions is, and whether Defendants should be allowed to proceed *pro se*.

Accordingly, the pro se motion filed by the Defendants [25] should be stricken. Plaintiffs respectfully request that the Defendants be represented by an attorney licensed to practice before this court.

### ii.    Defendants' Motion Violates Local Rule 83.15 Because it was Drafted by an Unidentified Chinese Attorney

"A *pro se* litigant cannot employ the service of a non-attorney to prepare court pleadings, as this constitutes unlicensed practice of law and is punishable as contempt of court in Illinois." *Gajewski v. Ocwen Loan Servicing, LLC*, No. 14-cv-9230 (N.D. Ill. June 25, 2015) (citing *Thigpen v. Banas*, No. 08 C 4820 (N.D. Ill. Feb. 11, 2010)). A *pro se* litigant also cannot employ an undisclosed attorney to prepare court filings because it "raises serious issues of professional misconduct and violates Rule 11, which requires attorneys to sign documents submitted to the court and personally represent that there are grounds to support the pleadings." *Id*. (citing *Chriswell v. Big Score Entm't*, LLC, No. 11 C 00861 (N.D. Ill. Jan. 28, 2013)); *see also Pawesome Pet Products LLC, et al., v. Colorflowers, et al.,* No. 22-cv-00629 (W.D. Pa. Aug. 2, 2022) (granting a motion to strike a pleading that failed to meet Rule 11 pleading obligations and that "'smacks' of having been 'ghostwritten' by an unidentified lawyer.'").

Local Rule 83.15 *requires* all nonresident attorneys to designate as local counsel "a member of the bar of this Court having an office within this District." N.D. Ill. Local R. 83.15(a). Once designated, local counsel must file an appearance in the case and accept service of notices, pleadings, and other documents on behalf of the nonresident attorney. N.D. Ill. Local R. 83.15(a) and (c). If a nonresident attorney fails to designate local counsel within thirty days of filing

documents with the court, "the documents filed by the attorney may be stricken by the court." N.D. Ill. Local R. 83.15(b).

In light of these circumstances, Defendants' filings should be stricken. Other ghost-writing filers have previously filed several motions without a proper appearance in multiple cases. These filings have been repeatedly stricken as constituting the unauthorized practice of law.[1] *See Pink Floyd (1987) Limited v. The Partnerships, et al.*, 21-cv-03339 (N.D. Ill. June 2, 2022) ("This Court will not accept filings ghost written by lawyers who do not reveal themselves. The lawyer must come out of the shadows."); *see also Wham-O Holding, Ltd., et al. v. The Partnerships and Unincorporated Associations Identified on Schedule A*, 20-cv-3761 (N.D. Ill. Oct. 16, 2020) (Shah, J.), (granting Plaintiffs' motion to strike because the document filed was "not a proper pleading filed by an attorney or record for a party"); *see also CamelBak Products, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, 20-cv-1542 (N.D. Ill. Aug. 31, 2020) (Guzman, J.) (striking and terminating defendant's motion because the document was filed by an individual "who has not entered an appearance and is neither a member of the general bar of this court nor has sought admittance pro hac vice, as required by Local Rule 83.12"). Additionally, other Courts have ordered *pro se* defendants to file affidavits "establishing [their] corporate structure (i.e., LLC, partnership, sole proprietorship). The affidavit should include supporting documentation evidencing the identified structure." *Pink Floyd (1987) Limited v. The Partnerships, et al.*, 21-cv-03039 (N.D. Ill. Aug. 4, 2021). *See* **Exhibit 3**.

---

[1] **Exhibit 3** contains true and correct copies of the minute entry orders cited in Section ii.

## **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully requests that this Court:

(1) enter an order striking Defendant Nos. 174 Hjsmple Co. Ltd. and 178 Outfit of the Day Co. Ltd.'s Motion [25] for failure to comply with the Northern District of Illinois local rules; or in the alternative:

(2) order the Defendants, by and through their alleged counsel to comply with Local Rule 83.15 by properly identifying the person who is drafting the documents that were filed into this case, such as by requiring the filer to produce a government-issued identification card; and

(3) require Defendants to file an affidavit establishing their corporate structure with supporting documentation.

In addition to the requests above, Plaintiffs respectfully request this court hear this motion and any other motions filed by parties either in person or by electronic means, such as a video conference.

DATED: December 30, 2022                    Respectfully submitted,

*/s/Keith A. Vogt*
Keith A. Vogt (Bar No. 6207971)
Keith Vogt, Ltd.
33 West Jackson Boulevard, #2W
Chicago, Illinois 60604
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFFS***

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2022, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification to all registered attorneys and parties of record.

/s/ *Keith A. Vogt*
Keith A. Vogt